WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zachary Contine, | No. CV-15-00813-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Ronald Credio, et al., | |
| Defendants. | |

The Court has considered Defendants' Application for Attorneys' Fees (Doc. 11), Affidavit of Kirsten Story (Doc. 11-1), and Statement of Consultation (Doc. 11-2). No response or objection has been filed to the Application. The matter is deemed submitted for decision.[1]

LRCiv 7.2(i) provides that if counsel does not serve and file a timely responsive memorandum to a motion, such non-compliance may be deemed a consent to the granting of the pending motion, and the Court may summarily dispose of the motion. Therefore, the Court may summarily dispose of Defendants' Application for Attorneys' Fees.

In addition, the Court recognizes that the standard by which the Court awards attorneys' fees under 42 U.S.C. § 1988 applies differently to prevailing defendants than to prevailing plaintiffs. A district court may award attorneys' fees pursuant to 42 U.S.C.

---

[1] The parties have consented to the exercise of Magistrate Judge jurisdiction (Doc. 8).

§ 1988 to a prevailing civil rights defendant if the court finds that the plaintiff's action was "unreasonable, frivolous, meritless, or vexatious." *Vernon v. Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994); *Galen v. Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007). An action is considered "meritless" if it is "groundless or without foundation." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). A finding of bad faith is not a necessary prerequisite to deeming an action "vexatious." *Id*. Simply because a plaintiff does not prevail, however, does not automatically render his case unreasonable or without foundation. *Id*.

With these criteria in mind, the Court in its discretion found that Defendants are entitled to an award of reasonable attorneys' fees in this case. (Doc. 10 at 2). Plaintiff's action was unreasonable and without merit. Plaintiff previously had litigated his current claim in Maricopa County Superior Court (Case No. CV 2013-001618). Final judgment had been entered against Plaintiff in favor of the State of Arizona and Arizona Department of Corrections on June 25, 2014. The named Defendants in this case are parties in privity with the Arizona Department of Corrections for purposes of claim and issue preclusion. Plaintiff's claims against Defendants were barred as a matter of law. *See Corbett v. Manor Care of Am., Inc.*, 146 P.3d 1027, 1039 (Ariz. Ct. App. 2006). To re-litigate the case in district court was unreasonable. In addition, the Court has found that Plaintiff failed to state a claim as a matter of law.

In determining reasonable attorneys' fees, the Court finds that Defendants are the prevailing party. They have prevailed on all claims raised. The factor analysis set forth in Defendants' Application is adopted by the Court as well-reasoned and supported by the record. The Court finds that Defendants' attorneys' fees of $4,541.10 are reasonable in this case.

## Conclusion

**IT IS ORDERED** granting Defendants' Application for Attorneys' Fees (Doc. 11).

**IT IS FURTHER ORDERED** awarding Defendants reasonable attorneys' fees in the amount of $4,541.10.

Dated this 3rd day of September, 2015.

                                          Honorable Eileen S. Willett
                                          United States Magistrate Judge